## WRIGHT v. SCOTTEN.

High Court of Errors and Appeals.   August 4, 1796.

*Bayard's Notebook, 148.**

Present: KILLEN, Chancellor.   READ, Chief Justice of the Supreme Court.   BASSETT, Chief Justice of the Common Pleas. CLAYTON, JOHNS, and RODNEY, Justices.

On the part of Wright the case was argued by *Wright* (of Maryland) and *Bayard*, and on the part of Scotten by *Ridgely*.

For Wright it was said that the title under which he claimed being prior in its origin to that of Scotten entitled him to a patent. The title on the other side commenced upon the location of the warrant in 1773, Wright's title in 1759.   That it appeared that the lands lay on the borders, and that it was within the knowledge of the Court that in such cases it was not customary in Maryland to grant patents.   That such appeared to be the rule of the Land Office of that province from what was stated in a patent to James Harris dated 2nd October, 1782.   That an Act of Assembly of Maryland of 1782, chapter 38, provided that all persons having surveys before 1st March, 1774, might compound before 1st November following on paying etc., and in default new warrants might issue, but, if no new warrants actually issued, they might compound at any time.   The warrants and surveys from

---

* This case is also reported in *Wilson's Red Book, 111.*

the Land Office of Maryland did not become void if no patent were sued but were liable to be avoided by warrants of resurveys. That those warrants and surveys were confirmed equally with those under Pennsylvania by the Act of Assembly establishing the Land Office [2 Del.Laws 1174].

Upon the other side, it was admitted that the title of Wright was good here if good under the laws and usages of Maryland. But it was insisted that by the proprietary proclamations and by the rules of the Land Office the warrants were conditional and required a patent to be sued out within two years from the survey; otherwise the warrants were void. That the Act of Assembly of Maryland proved that, if the Act had not been made, the warrants and surveys where no patent had issued would have been void. And this case is not assisted by the Act for its terms have not been complied with. The lands were admitted without a patent to be liable to a warrant of resurvey and in this case the survey in 1773 from the Proprietary of Pennsylvania might be considered as under a warrant of resurvey. The title of Wright was therefore either forfeited of course by the rules of the Maryland office or avoided by the survey under Scotten's warrant.

On the 5th, KILLEN, CHANCELLOR, delivered the unanimous opinion of the Court—that the patent to Wright be confirmed and the appeal of Scotten be dismissed with costs, and that the order for a patent to Scotten be reversed with costs. He observed that the Court considered the title to Wright as standing upon the same ground as if the warrant and survey had been granted by the Proprietary of Pennsylvania.

READ, Chief Justice of Supreme Court, said that the cases were considered as turning upon a single point: Was the warrant and survey of Wright in force at the time the patent was applied for? The Court considered that nothing was done according to the rules of the Land Office to vacate the warrant. It was not void but voidable notwithstanding the terms of the Maryland warrants. Their usage was not to consider the warrants void if not complied with, but liable to be defeated by proclamation warrants. That the case was within the second section of the supplement [2 Del.Laws 1175] to the Act of Assembly [2 Del.Laws 1160] establishing the Land Office and Wright thereby entitled to patent.

NOTE. READ, C. J., said that it was expected by the Court that on appeals the appellant in his petition would concisely state his case and assign the causes of appeal. That such was the direction of the Constitution.